UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SAMUEL C. ROGERS, | Case No. 16-12509 |
| Plaintiff, | David M. Lawson |
| v. | United States District Judge |
| MICHIGAN ATTORNEY GENERAL, | Stephanie Dawkins Davis |
| MICHIGAN TENURE COMMISSION, and | United States Magistrate Judge |
| MICHIGAN FRIEND OF THE COURTS, | |
| Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION GRANTING
PLAINTIFF'S REQUEST TO VOLUNTARILY DISMISS ALL
DEFENDANTS WITHOUT PREJUDICE [Dkt. 6]**

**I.    PROCEDURAL HISTORY**

This is a civil action filed on June 30, 2016. (Dkt. 1). On August 23, 2016, this case was referred to Magistrate Judge Stephanie Dawkins Davis for all pretrial purposes. (Dkt. 3). On October 5, 2016, the Court entered an order indicating that plaintiff's *pro se* complaint was deficient, as it was filed without including the requisite filing fee or application to proceed *in forma pauperis*. (Dkt. 4). The Court indicated that plaintiff needed to correct this deficiency within 10 days of entry of the Order. (*Id*.) The Court further cautioned that "[i]f plaintiff does not cure the deficiency, the undersigned will recommend that his complaint be dismissed." (*Id*.) On October 18, 2016, plaintiff responded to the Court's October

1

5, 2016 Order indicating that he had sent correspondence to the U.S. District Court in Detroit asking for the case to be voluntarily dismissed.[1] (Dkt. 6, Pg ID 17). Specifically, plaintiff stated: "I don't know how this case got to Flint, Michigan, after I sent a letter to the U.S. District Court in Detroit, Michigan asking for this case to be dismissed without prejudice." (*Id.*)

The undersigned will construe plaintiff's October 18, 2016 correspondence as a notice of dismissal, or a motion to voluntarily dismiss, and for the reasons that follow the undersigned **RECOMMENDS** that plaintiff's request to dismiss (Dkt. 6) be **GRANTED**, and that all defendants be **DISMISSED WITHOUT PREJUDICE.**

## II.   LEGAL ANALYSIS AND CONCLUSIONS

Plaintiff asks the Court to voluntarily dismiss all defendants. (Dkt. 6). Though plaintiff does not cite a specific rule on which he relies for the requested relief, the Court will evaluate the motion under Fed. R. Civ. P. 41. Under Fed. R. Civ. P. 41(a)(1)(A)(i), plaintiff may "dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." In the instant matter, rather than denominating

---

[1] On September 23, 2016, plaintiff sent a letter to the Court indicating: "I believe even if I paid the $400.00 dollars in filing fee, my case would be denied along with all of the other Motions and complaints." (Dkt. 7). However, nowhere in plaintiff's letter does he specifically ask the Court to dismiss his complaint.

his filing as a notice of dismissal, plaintiff has simply entitled it "Regarding Order." (Dkt. 6).  Yet, functionally, it provides notice of his intention to dismiss the action.  The filing is in response to this Court's October 5, 2016 Order in which plaintiff was ordered to pay the required filing fee or face a recommendation from the undersigned that his case be dismissed.  (Dkt. 4). Inasmuch as the defendants in this matter have neither answered the complaint nor responded with a motion for summary judgment, plaintiff is permitted to dismiss his complaint without leave of court.  Thus, plaintiff's filing may be construed as a Notice of Dismissal and the matter ordered dismissed pursuant to the same.

Alternatively, plaintiff's filing may be construed as a motion to dismiss the complaint under Fed. R. Civ. P. 41(a)(2), which provides in pertinent part:

> **By Court Order; Effect**.  Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.... Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2).  Rule 41(a)(2) is "a discretional procedural rule that explicitly allows a district court to impose terms and conditions upon a voluntary dismissal 'as the court deems proper.'" *Bridgeport Music v. Universal-MCA Music Publ.*, 481 F.3d 926, 931 (6th Cir. 2007) (quoting Fed. R. Civ. P. 41(a)(2)).  In the exercise of its discretionary authority under Rule 41(a)(2), "the district court must provide some indication as to why it exercised its discretion as it did." *Bridgeport*

3

*Music*, 481 F.3d at 931. In granting plaintiff's request, the Court specifically refers to the procedural irregularities that remain uncured in plaintiff's *pro se* complaint, together with plaintiff's departure from the liberal pleading standards set forth by Rule 8(a)(2). Indeed, without deciding this issue, even an indulgent reading of plaintiff's complaint would likely result in a finding that plaintiff's allegations do not meet the Rule 8 standard.

Moreover, it is generally held that a district court will grant a motion for voluntary dismissal unless a defendant can show that it will suffer some "plain legal prejudice as a result." *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987). The prospect of facing a second legal proceeding is not sufficient to result in "plain legal prejudice" and is therefore insufficient on its own to defeat a motion for voluntary dismissal. *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). Likewise, the fact that the moving party may gain some tactical advantage in a future lawsuit is not sufficient to show plain legal prejudice. *See Davis v. USX Corp.*, 819 F.2d 1270, 1275 (4th Cir. 1987). In sum, the Court is not able to foresee any prejudice to defendants that outweighs granting a voluntary dismissal here.

### III. RECOMMENDATIONS

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's request to dismiss (Dkt. 6) be **GRANTED.**

The undersigned further **RECOMMENDS** that all defendants be **DISMISSED WITHOUT PREJUDICE.**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: December 1, 2016      s/Stephanie Dawkins Davis
                Stephanie Dawkins Davis
                United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on December 1, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system and I certify that I have mailed the foregoing paper by United States Postal Service to the following non-ECF participant: Samuel C. Rogers, P.O. Box 702, Gulfport, MS 39502.

                s/Tammy Hallwood
                Case Manager
                (810) 341-7887
                tammy_hallwood@mied.uscourts.gov